[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Connecticut Development Associates and Starr Realty Co., by writ, summons and complaint, dated September 19, 1990, pursuant to General Statutes Sec. 12-119, commenced this tax appeal challenging the October 1, 1989 assessment of their real property located in the defendant, Town of East Hampton.
After a full trial, all parties represented by counsel the court finds, concludes and rules as follows.
The plaintiffs have the burden under General Statutes Sec. 12-119 of proving the illegality of the assessment of their real estate.
The court finds that the plaintiff has failed to prove by a preponderance of the credible, relevant and legally admissible evidence that the ". . . tax laid on the property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for CT Page 191 determining the valuation of such property . . ." General Statutes12-119. Further, there was no showing, by the plaintiffs that there was ". . . misfeasance or nonfeasance by the taxing authorities, or that the assessment was arbitrary or so excessive or discriminatory as in itself to show a disregard of duty on their part." Second Stone Ridge Cooperative Corporation v. Bridgeport, 220 Conn. 335, 341-42 (1991).
The court finds that the defendants' assessor committed no misfeasance or nonfeasance and that her actions were not arbitrary, excessive or discriminatory and did not constitute a disregard of duty.
The court agrees with the defendants' valuation of the plaintiffs premises, subject to this appeal, and the assessments laid thereon.
Accordingly, the court finds the issues for the defendant on the plaintiffs' complaints, thus judgment, with costs, may enter for the defendant dismissing the plaintiffs' appeals.
SPALLONE STATE TRIAL REFEREE
Judgment Entered in Accordance with Foregoing Memorandum of Decision. Michael Kokoszkal, Chief Clerk